**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TIMUR BANDEEV,

Petitioner,

v. No. 1:26-cv-02487-KG-DLM

WARDEN, *Torrance County Detention Center; et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Timur Bandeev's Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, the Government's Response, Doc. 5, and Petitioner's Reply, Doc. 7. Petitioner challenges the legality of his post-removal detention and seeks immediate release. For the reasons below, the Court grants the Petition.

***I. Background***

The Government does not contest the facts presented in the Petition. *See* Doc. 5 at 1 ("For purposes of this specific case, Respondents are not submitting a factual Declaration or legal brief in opposition to the Petition."). The Court therefore accepts the facts pled in the Petition as true. *See* Doc. 1.

Petitioner, a native and citizen of Russia, was paroled into the United States on January 23, 2023, issued a Notice to Appear, and placed into removal proceedings. Doc. 5-2 at 2; Doc. 1 at 12. On October 23, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"). Doc. 1 at 12. An Immigration Judge ("IJ") ordered Petitioner removed on February 3, 2026, but withheld his removal to Russia under Section 241(b)(3) of the Immigration and Nationality Act ("INA") and the Convention Against Torture. *Id.* at 13; Doc. 5-1 at 2. This

removal order became administratively final on March 5, 2026. Doc. 5-1 at 1. Petitioner remains in ICE custody and is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Doc. 1 at 12.

Petitioner seeks immediate release. *Id.* at 20–21. He argues that his detention violates the INA and Due Process Clause of the Fifth Amendment because his removal is not reasonably foreseeable. *Id.* at 6.

## *II. Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(b). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.* at 682, 689; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized[.]" *Zadvydas*, 533 U.S. at 690, 699. A six-month detention

period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must . . . rebut that showing" or release the noncitizen. *Id*. at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1013 (D. Nev. 2025); *Douglas v. Baker*, 812 F. Supp. 3d 525, 532–33 (D. Md. 2025). The Department of Homeland Security ("DHS") regulations allow the government to extend the removal period "if the [noncitizen] fails or refuses to make timely application in good faith for travel or other documents necessary to the [noncitizen's] departure or conspires or acts to prevent the [noncitizen's] removal subject to an order of removal." 8 C.F.R. § 241.4(g)(1)(ii).

***III. Analysis***

Petitioner's continued detention violates due process. To start, the *Zadvydas* burden-shifting framework applies. Petitioner's removal order became administratively final on March 5, 2026. Doc. 5-1 at 1. He has now been continuously detained for more than six months since that date, which exceeds the six-month presumptively-reasonable period.

Next, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. He specifically asserts that his deportation to another country is not reasonably foreseeable or that a third country has agreed to accept him. Doc. 1 at 6; *see also* Doc. 5-1 at 1–3. Given Petitioner is a Russian national whose removal has been withheld under Section 241(b)(3) of the INA and the Convention Against Torture, that allegation is sufficient to meet his burden. *See Momennia v. Bondi*, No. 25-cv-1067-J, WL 3011896, at *10 (W.D. Okla. Oct. 1, 2025) ("[M]ere intent to find a third country," absent

"specific communications between the United States and an identified country" is "too speculative to permit indefinite detention[.]"), *R&R adopted*, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025); *Vargas v. Noem*, No. 25-cv-03155-JWL, 2025 WL 2770679, at *3 (D. Kan. Sept. 29, 2025) ("[R]espondents have not been able to point to any specific fact that creates a significant likelihood that . . . petitioner will . . .be removed in the reasonably foreseeable future.").

Finally, the Government does not contest the facts presented in the Petition or otherwise rebut Petitioner's claims that removal is not reasonably foreseeable. *See* Doc. 5. Instead, the Government states that, "if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security." *Id.* at 1.

## ***IV. Conclusion***

For the reasons above, Petitioner's the Court grants the Petition and orders that:

1. The Government shall release Petitioner within forty-eight (48) hours of this Order. The Government shall not impose any new conditions of release.
2. Upon Petitioner's release, the Government must return all of his property, including any identification documentation that was in his possession when he was detained. The Government shall also provide a copy of this Order to Petitioner.
3. The Government is enjoined from re-detaining Petitioner absent a showing that his removal is reasonably foreseeable—such as communications from foreign governments and the Government's anticipated timeline.
4. The Government shall file a status report within ten (10) business days certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.